UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:03-CR-18-TAV-CCS |
| | ) | |
| JOSHUA RAY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se motions for a reduction in his sentence [Docs. 42, 43] pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10(a) and (c). In the motions, the defendant, proceeding pro se, moves this Court to resentence him based upon the amendment to U.S.S.G. § 2D1.1, effective November 1, 2007, concerning the base offense levels for cocaine base (crack cocaine) offenses. The government filed a response in opposition to this request [Doc. 46].

**I.     Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term
> of imprisonment based on a sentencing range that has

> subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine powder offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive,[1] effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the 18 U.S.C. § 3553 factors, if the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement addresses a court's discretion in reducing a defendant's sentence:

> (A) Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than

---

[1] The Commission has included Amendment 706, as amended by Amendment 711, among the amendments which can be retroactively applied. U.S.S.G. § 1B1.10(c). *See* U.S. Sentencing Guidelines Manual app. C., amend. 713 (2008).

2

> the minimum of the amended guideline range determined under subdivision (1) of this subsection
>
> (B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the 18 U.S.C. § 3553 factors and the danger to the public created by any reduction in a defendant's sentence, and a court may also consider a defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

**II.   Analysis**

Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, defendant requests that the Court resentence him and reduce his sentence as the Court sees fit under the circumstances.

Under 18 U.S.C. § 3582(c)(2), a reduction in sentence may be appropriate "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The guidelines have clarified that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant

3

but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A)(ii). In the present case, the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1, so he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Though the defendant contends that he is entitled to recalculation of his initial guideline range, prior to any other consideration regarding career enhancements, the "Application Notes" for U.S.S.G. § 1B1.10 first provide for determining whether there is even eligibility for consideration under 18 U.S.C. § 3582(c)(2). As discussed above, the defendant was sentenced as a career offender, so the amendment to U.S.S.G. § 2D1.1 would "not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . provision." U.S.S.G. § 1B1.10 cmt. n.1(A)(ii). In other words, the defendant is ineligible for consideration under 18 U.S.C. § 3582(c)(2) because he was sentenced pursuant to U.S.S.G. § 4B1.1, not U.S.S.G. § 2D1.1.

In light of the inapplicability of 18 U.S.C. § 3582(c)(2), the defendant's motions [Docs. 42, 43] are denied to the extent he seeks a resentencing hearing and reduction in sentence. Furthermore, the defendant's request for appointment of counsel [Docs. 42, 43] is denied as moot in light of the inapplicability of 18 U.S.C. § 3582(c)(2) to the present matter.

### III. Conclusion

Accordingly, for the reasons stated herein, the defendant's motions to reduce his sentence [Docs. 42, 43] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
