UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:03-CR-18-TAV-DCP |
| JOSHUA R. JONES, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 73]. Defendant requests that the Court resentence him to time served pursuant to Section 404 of the First Step Act. The government responded in opposition, arguing that defendant was sentenced as a career offender, and that as a result the First Step Act had no effect on his guideline range [Doc. 75]. Defendant replied, arguing that Section 404 authorizes a complete resentencing and review on the merits, and because he is no longer a career offender under current law, urges the Court to grant him a downward variance to "bring his sentence in line with similarly situated defendants who would be convicted of the same offense with the same criminal history" [Doc. 76; *see* Doc. 73 pp. 7–10].

## I.    Background

Defendant pleaded guilty in 2003 to two counts of a three-count indictment, namely, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) [Doc. 32]. As part of the plea agreement, the government agreed to dismiss the remaining count against defendant. Because of a prior felony drug conviction, the government had filed a Notice of Enhanced Penalties [Doc. 7], which increased defendant's mandatory minimum term of imprisonment on the drug charge from ten to twenty years, in addition to enhancements to his supervised release term and maximum fine. Additionally, defendant was deemed responsible for 52.5 grams of cocaine base, which yielded a base offense level of 32 [PSR ¶ 32]. However, because defendant had previously been convicted of drug offenses and aggravated sexual battery, he was classified as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1, yielding a new base offense level of 37 [*Id.* ¶ 44]. After a three-level reduction for acceptance of responsibility to a total offense level of 34 and a criminal history category of VI based on his career offender classification, defendant's guideline imprisonment range was 262 to 327 months [*Id.* ¶¶ 45–46, 60, 78].

On September 3, 2003, the Court sentenced defendant to 120 months' imprisonment on the felon-in-possession charge and 262 months' imprisonment on the cocaine charge, to be served concurrently [Doc. 38]. Defendant's term of imprisonment is to be followed by consecutive terms of supervised release, with three years for the gun charge and ten for the drug charge. Defendant subsequently filed a motion to reduce his sentence under 18 U.S.C. §3582(c)(2) based on USSG Amendment 706 [Doc. 42]. The Court denied that motion because "defendant was sentenced as a career offender under U.S.S.G § 4B1.1, so he was not sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission" [Doc. 47 p. 4]. Defendant also moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 48], which the Court ultimately denied as untimely [Doc. 69].

## II. Analysis

Defendant, represented by counsel, now moves for a sentence reduction under Section 404 of the First Step Act. Enacted on December 21, 2018, Section 404 authorizes courts to retroactively apply the reduced statutory penalties of the Fair Sentencing Act of 2010 ("FSA") to defendants who committed a "covered offense" before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The FSA had amended 21 U.S.C. § 841(b)(1) by raising the amount of cocaine base necessary to trigger the ten-year mandatory minimum from 50 to 250 grams and the amount necessary to trigger the five-year mandatory minimum from 5 to 28 grams. Pub. L. 111-220, § 2, 124 Stat. 2372 (Aug. 3, 2010).

Both defendant and the government agree that the First Step Act reduced the statutory mandatory minimum penalty for defendant's drug offense; however, the parties disagree about the ultimate effect Section 404 has on defendant's sentence given that he was sentenced as a career offender. Defendant acknowledges that, even under the First Step Act, his career offender guideline range would remain 262 to 327 months. But he argues that he is no longer a career offender, because his conviction for attempted aggravated sexual battery no longer qualifies as a "crime of violence" under current law. Defendant further argues that "Section 404 gives the court authority to conduct a full

3

resentencing hearing" [Doc. 76 p. 8], which would allow the Court to resentence defendant without regard to the career offender guidelines, thus lowering defendant's guideline range. In support of this assertion, defendant cites Congress's use of the word "impose" rather than "modify," and the fact that Section 404 does not contain limitations like those found in 18 U.S.C. § 3582(c)(2) [*Id.* pp. 2–4]. Although the government acknowledges that the Court may consider a variance below defendant's guideline range under Section 404, it maintains that defendant is not entitled to a full resentencing [Doc. 75]. Accordingly, the government urges the Court to decline to reconsider defendant's career offender classification and reduce his sentence, since his guideline range remains unchanged.

It appears that the only court of appeals to consider Section 404 as it applies to a defendant designated as a career offender rejected the same argument defendant asserts here regarding the use of the word "impose" rather than "modify" [*see* Doc. 76 p. 4]. *United States v. Hegwood,* No. 19-40117, 2019 WL 3729590, at *3–4 (5th Cir. Aug. 8, 2019). The Fifth Circuit ultimately concluded that "the First Step Act does not allow plenary resentencing" and that the Act's express mention of sections 2 and 3 of the FSA "supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense." *Id.* at *1, 4. In doing so, it affirmed the district court's reduction of the defendant's sentence only based on the changes imposed by the FSA, leaving the defendant's career offender enhancement in place. Several district courts in our circuit—including this one—have also interpreted the First Step Act in this way. *See United States v. Taylor*, No. 1:06CR564, 2019 WL 2635928, at *2 (N.D. Ohio June

4

27, 2019) (denying the defendant's motion under Section 404 because his "designation as a career-offender remain[ed] the same even after applying the reduced statutory penalties"); *United States v. Hardin,* Nos. 2:99-CR-36, 2:03-CR-74, 2019 WL 2519887, at *2–3 (E.D. Tenn. June 18, 2019) (interpreting Section 404 to permit a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) but not a "full resentencing for reconsideration of the original sentencing determinations"); *United States v. Ramseur*, No. 5:11-CR-128-JMH, 2019 WL 1575627, at *2 (E.D. Ky. April 11, 2019) ("Ramseur's status as a career offender renders him ineligible for a sentence reduction under Section 404 of the First Step Act based on Sixth Circuit precedent.") (citing *United States v. Riley*, 726 F.3d 756, 758–59 (6th Cir. 2013).

The Court declines to depart from this interpretation. A plain reading of the text of Section 404 indicates that it was intended to focus the question of a sentence reduction on the application of sections 2 and 3 of the Fair Sentencing Act. *See* 132 Stat. at 5222. As stated, although defendant committed a covered offense for purposes of Section 404, the reduction in the statutory mandatory minimum penalty has no effect on his guideline range as a career offender. The Court will not revisit defendant's status as a career offender now.

Finally, with regard to defendant's request for a variance, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offenses and defendant's history and characteristics. As reflected in the Presentence Investigation Report ("PSR"),

5

defendant was involved in a conspiracy to distribute crack cocaine and possessed a firearm as a convicted felon [PSR ¶¶ 12–18]. Although defendant was just 23 years old at the time of his sentencing, he already had a significant criminal history, starting from the age of 16 [*Id.* ¶¶ 48–58]. Of particular concern are several adult drug-offense convictions and his conviction for attempted aggravated sexual battery [ *Id.* ¶¶ 52–54, 56].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[1] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii). The Court commends defendant on the efforts he has made to improve himself while in custody, including completion of several educational and vocational training programs. However, after considering the First Step Act and the relevant § 3553(a) factors, the Court declines to grant a downward variance to reduce defendant's sentence.

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

## III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 73] is **DENIED**. All provisions of the judgment dated September 3, 2003 [Doc. 38] shall remain in effect.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE