UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:03-CR-18-TAV-DCP |
| JOSHUA R. JONES, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the parties' Joint Motion to Reduce Sentence [Doc. 87]. The parties request that the Court resentence defendant to time served pursuant to Section 404 of the First Step Act. For the reasons set forth below, the Court will **GRANT** the parties' motion.

### I. Background

Defendant pleaded guilty in 2003 to two counts of a three-count indictment, namely, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) [Doc. 32]. As part of the plea agreement, the government agreed to dismiss the remaining count against defendant. Because of a prior felony drug conviction, the government had filed a Notice of Enhanced Penalties [Doc. 7], which increased defendant's mandatory minimum term of imprisonment on the drug charge from ten to twenty years, in addition to enhancements to his supervised release term and maximum fine. Additionally, defendant was deemed

responsible for 52.5 grams of cocaine base, which yielded a base offense level of 32 [PSR ¶ 32]. However, because defendant had previously been convicted of drug offenses and aggravated sexual battery, he was classified as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1, yielding a new base offense level of 37 [*Id.* ¶ 44]. After a three-level reduction for acceptance of responsibility to a total offense level of 34 and a criminal history category of VI based on his career offender classification, defendant's guideline imprisonment range was 262 to 327 months [*Id.* ¶¶ 45–46, 60, 78].

On September 3, 2003, the Court sentenced defendant to 120 months' imprisonment on the felon-in-possession charge and 262 months' imprisonment on the cocaine charge, to be served concurrently [Doc. 38]. Defendant's term of imprisonment is to be followed by consecutive terms of supervised release, with three years for the gun charge and ten for the drug charge. Defendant subsequently filed a motion to reduce his sentence under 18 U.S.C. §3582(c)(2) based on USSG Amendment 706 [Doc. 42]. The Court denied that motion because "defendant was sentenced as a career offender under U.S.S.G § 4B1.1, so he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" [Doc. 47 p. 4]. Defendant also moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 48], which the Court ultimately denied as untimely [Doc. 69].

In April 2019, defendant filed his first motion to reduce his sentence pursuant to Section 404 of the First Step Act [Doc. 73]. The government opposed, arguing that because he was sentenced as a career offender, the First Step Act had no effect on his guidelines

range [Doc. 75]. This Court held that although defendant committed a covered offense, the reduction in the statutory mandatory minimum penalty had no effect on his range as a career offender [Doc. 77]. The Court declined to grant a variance and denied the motion [*Id.*]. Defendant appealed [Doc. 78].

While the appeal was pending, the relevant law changed. The Sixth Circuit held that conspiracy offenses no longer qualified as controlled-substance offenses for purposes of career offender designation, *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020), and that in considering a Section 404 motion, the district court should consider an accurate calculation of the amended guidelines range at the time of resentencing. *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). While not required to conduct a plenary resentencing hearing, the Sixth Circuit said the case law "permit[s] courts to consider subsequent developments in deciding whether to modify the original sentence, and if so, in deciding by how much." *United States v. Maxwell*, 991 F.3d 685, 691 (6th Cir. 2021). For these reasons, the government decided not to oppose defendant's sentence being reduced to time served on appeal and sought a remand for this Court's determination regarding whether the intervening developments and the government's change in position would alter this Court's decision [Doc. 87]. The Sixth Circuit remanded the case [Doc. 85], and the parties then filed this motion [Doc. 87].

## II. Analysis

Section 404 motions typically present two questions: First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case, and if so, to what extent?

### A. Defendant's Eligibility for a Section 404 Reduction

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b).

The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant. Though this Court previously denied defendant's Section 404 motion on the merits, the motion now returns to this Court after remand for reconsideration.

4

Thus, the question of eligibility turns on whether defendant's conviction qualifies as a covered offense, and the parties agree that it does [Doc. 77 p. 3; Doc. 87]. Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Defendant was convicted under 21 U.S.C. § 841(b)(1)(A), and the Fair Sentencing Act modified that statutory provision's penalties. Moreover, defendant committed the relevant offenses long before August 3, 2010 [Doc. 1]. Accordingly, defendant's drug offense is a "covered offense," and he is thus eligible for a sentence reduction. *See United States v. Boulding*, Nos. 19-1590/1706, 2020 WL 2832110, at *3–6 (6th Cir. June 1, 2020); *see also United States v. Osborne*, No. 3:06-cr-110, 2020 WL 1518621, at *2–3 (E.D. Tenn. Mar. 30, 2020).

**B.     Imposing a Reduced Sentence in Consideration of the § 3553(a) Factors**

A defendant's eligibility for a § 404 sentence reduction does not "require a court to reduce [his] sentence," § 404(c), and as follows from its limited authorization to impose a reduced sentence, the court's analysis is circumscribed. *See United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam). It must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." § 404(b); *see also Alexander*, 951 F.3d at 708.

The Sixth Circuit has made clear that a defendant's eligibility for a reduction under Section 404 does not entitle him to a plenary resentencing. *Boulding*, 960 F.3d at 782; *Alexander*, 951 F.3d at 708; *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020).

5

Nevertheless, an eligible defendant may be entitled to object to the final reduced sentence. *Boulding*, 960 F.3d at 784.[1] Additionally, "courts may consider all relevant [§ 3553(a)] factors when determining whether to reduce a defendant's sentence under § 404," including the defendant's post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357–38 (6th Cir. 2020); *cf. Boulding*, 960 F.3d at 784 (holding that First Step Act review "must include . . . renewed consideration of the 18 U.S.C. § 3553(a) factors").

The parties submit that after *Maxwell*, the guidelines range applicable would be 262 to 327 months' imprisonment [Doc. 87 p. 3]. His approximate release date is January 2023, 18 months from the present time, and he has served 220 months thus far [*Id.*]. The parties

---

[1] The Sixth Circuit in *Boulding* held that the district court "did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act." 960 F.3d at 784. Yet, the court seemed to suggest elsewhere that defendant might also have a right to object to the modified sentence, not just to the court's calculation of the guideline range. It noted that the "necessary review" includes an accurately calculated guideline range and "thorough renewed consideration of the § 3553(a) factors" and that a defendant is entitled to an "opportunity to present objections." *Id.* And, its conclusion echoed this broader statement of the holding, stating that First Step Act review must include an "accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors" and that "a defendant seeking to present objections must be afforded an opportunity to do so." *Id.*

A broader reading of *Boulding*'s ruling appears in tension, however, with other recent Sixth Circuit opinions. *See, e.g.*, *United States v. Smith*, 958 F.3d 494, 498–99, 501 (6th Cir. 2020) (holding that sentence modifications under the First Step Act are analogous to sentence modifications under § 3582(c)(2), rejecting defendant's argument that he was entitled to a plenary resentencing, and finding that the district court sufficiently stated its reasons for the modified sentence using a form order); *Alexander*, 951 F.3d at 709 (affirming district court's order granting a sentence reduction and rejecting defendant's argument that he was entitled to present arguments at a sentencing hearing, arguments that he did not make in his motion for a sentence reduction, including the following: "the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered").

6

state that if convicted of the same offenses today, he would not be classified as a career offender, therefore would not be subject to an enhanced statutory penalty under § 841(b)(1)(B), and his guidelines range would be 70 to 87 months' imprisonment, which is substantially lower than the amount of time he has already served [*Id*.]. The parties therefore agree that a reduction of defendant's sentence to time served would be appropriate [*Id*.].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range and the need to avoid unwarranted disparities. *Id.*

After considering the parties' arguments, the relevant § 3553(a) factors, and applicable sentencing guidelines, the Court finds a reduction in the defendant's sentence to be warranted. Though not required to conduct a plenary resentencing, the Court considers the subsequent developments, as contemplated by *Maxwell*. 991 F.3d at 691. In light of these changes resulting in a significantly lower guidelines range, defendant's post-sentencing conduct, and the significant term of imprisonment defendant has already served, the Court finds that a term of imprisonment of time-served is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford adequate general

7

deterrence, promote respect for the law, and provide just punishment. § 3553(a). Accordingly, the Court will reduce defendant's sentence to a sentence of time served to be followed by a term of supervised release as set forth in the original judgment [Doc. 38].[2]

### III. Conclusion

For the reasons discussed, the Court will **GRANT** the parties' motion [Doc. 87] for a sentence reduction under the First Step Act. Defendant's term of imprisonment is reduced to time served.[3] All other provisions of the judgment dated September 3, 2003 [Doc. 38], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] The parties make no argument as to a reduction in defendant's term of supervised release. Defendant may later move for early termination of supervised release.

[3] In light of the possibility that the Sixth Circuit's holding in *Boulding* requires this Court to provide defendant an opportunity to object to the modified sentence, even though defendant, the government, and the Court agree, defendant shall have up to and including ten (10) days from the entry of this order to file objections to the modified sentence pronounced here. Although the *Boulding* court stated that "a written presentation or an oral argument" could provide defendant a sufficient opportunity to object, it did not offer any additional guidance as to the form a written presentation might take or the appropriate time to provide for objections before the modified sentence became final. The Court believes requiring written objections within ten (10) days will provide due process as envisioned in *Boulding*.

8